UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GEORGE ANTHONY BROWN,

    Plaintiff,

v.                                                                                      CASE NO. 6:12-cv-289-31KRS

WILLIAM E. RIDGWAY, et al.,

    Defendants.

_____

## ORDER OF DISMISSAL

George Anthony Brown ("Plaintiff"), a prisoner of the State of Florida proceeding *pro se*, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983. In the complaint, Plaintiff seeks monetary damages against Deland Police Chief William E. Ridgway and police officers Jamie L. Brazeau ("Brazeau") and Sofia M. McNeil ("McNeil") for false imprisonment/involuntary detention. After careful consideration, this action is dismissed prior to service of process because Plaintiff fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**I.**      **Legal Standards**

    *a.*      *Court Review Under 28 U.S.C. § 1915*

Because Plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. The Prison Litigation Reform Act of 1995 (the "Act") requires judicial review of certain civil suits brought by prisoners, stating in relevant part:

>   (b)  Grounds for Dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
>   (1)  is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
>   (2)  seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. §1915A(b) (1996); Prisoner Litigation Reform Act of 1995, Section 805(a).[1] Pursuant to the Act, the Courts are obligated to screen prisoners' civil rights complaints as soon as practicable and to dismiss those which are frivolous or fail to state a claim for relief. *Cuoco v. Spears*, 1996 WL 284948 (S.D.N.Y. 1996).

In addition, 28 U.S.C. § 1915(e)[2] directs the court to dismiss actions which are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii). A complaint is frivolous if it is without arguable merit either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Cofield v. Alabama Public Service Com'n*, 936 F.2d 512 (11th Cir. 1991); *Prather v. Norman*, 901 F.2d 915 (11th Cir. 1990). To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to

---

[1] The Act implemented these changes in an effort to reduce meritless prisoner litigation. *Green v. Nottingham*, 1996 WL 384762 (10th Cir. 1996); H.R. Rep. No. 104-378, 104th Cong., 1st Sess. 166.

[2] The Act amended 28 U.S.C. Section 1915, *inter alia*, redesignating Section 1915(d) as Section 1915(e). Prisoner Litigation Reform Act of 1995, Section 804.

the assumption of truth. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *Douglas v. Yates*, 535 F .3d 1316, 1321 (11th Cir. 2008) (applying *Twombly* to prisoner § 1983 actions). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* The Court must read a plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).

    b.    *Qualified Immunity*

When a successful affirmative defense appears on the face of a complaint, the complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted. *Jones v. Bock*, 549 U.S. 199, 215 (2007). Qualified immunity is an affirmative defense that offers complete protection for government officials sued in their individual capacities if their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Hope v. Pelzer*, 536, U.S. 730, 739 (2002); *Vinyard v. Wilson*, 311 F .3d 1340, 1346 (11th Cir. 2002) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Qualified immunity is not merely a defense against liability, but rather immunity from suit. *Pearson v. Callahan*, 555 U.S. 223 (2009).

To receive qualified immunity, the public official must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred. *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002). "Once the defendant establishes that he was acting within his discretionary authority, the burden shifts to the plaintiff to show that

qualified immunity is not appropriate." *Id.* In order to satisfy this burden, Plaintiff must show: (1) that Defendants committed a constitutional violation; and (2) that the constitutional right Defendants violated was clearly established. *Crosby v. Monroe County*, 394 F.3d 1328, 1332 (11th Cir. 2004). Courts have discretion to determine the order in which the two prongs of the plaintiff's burden of proof are analyzed. *Pearson*, 555 U.S. at 223 (Courts "should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case hand.").

## II.   Analysis

Plaintiff alleges that on August 28, 2008, at approximately 5:22 p.m., he shot a man with a pellet gun in self defense because the man was attempting to attack him with a knife (Doc. 1 at 5). Plaintiff called 9-1-1 and told the operator that he had been attacked and had shot the attacker in self defense. While still on the phone with 9-1-1, a Volusia County deputy arrived, handcuffed Plaintiff, and searched him for weapons. *Id.* Two minutes later, the deputy turned Plaintiff over to the custody of two Deland police officers who handcuffed Plaintiff, told him that he was charged with aggravated battery, searched his pockets, placed him in the police car, and read his *Miranda*[3] warnings. *Id.* at 5-6. Plaintiff was asked the location of the pellet gun and, based upon his answer, police were able to retrieve the gun and place it into evidence. About twenty-four minutes after being placed in the police car, a supervisor from the Deland police department ordered Plaintiff's release after questioning witnesses about

---

[3] *Miranda v. Arizona*, 384 U.S. 436 (1966).

what had happened. *Id.* at 6. Plaintiff seeks monetary damages against Deland Chief of Police William Ridgway and Deland police officers Jamie Brazeau and Sofia McNeil (collectively "Defendants") for false imprisonment/involuntary detention. Plaintiff brings the action against Defendants in both their individual and official capacities. *Id.* at 6.

### a.  *Claims Against the Defendants in Their Official Capacities are Dismissed*

A suit against a defendant in his official capacity is the same as a suit against the entity itself. *Jones v. Cannon*, 174 F.3d 1271, 1293 n. 15 (11th Cir. 1999) ("Official capacity claims are tantamount to a suit against the governmental entity involved."). A plaintiff may bring a claim under § 1983 against a municipal defendant for deprivation of a federal right pursuant to an official policy, practice, or custom. *Villanueva v. City of Ft. Pierce, FL*, 24 F.Supp.2d 1364, 1368 (S.D.Fla. 1998). However, a plaintiff must do more than simply allege that such an official policy exists. He must prove a course of action that was "consciously chosen" or "officially sanctioned or ordered." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986) (plurality opinion). In the instant action, Plaintiff does not allege that his arrest was pursuant to an official policy, practice, or custom, nor does Plaintiff allege any facts to indicate why he initiated this suit against the City of Deland. Accordingly, the claims against Defendants in their official capacities are dismissed for failure to state a claim for relief pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### b.  *Defendants Brazeau and McNeil are Entitled to Qualified Immunity*

Plaintiff's allegations are primarily directed to a false arrest claim, with the false imprisonment/involuntary detention claims based on the fact that he was detained for

twenty-four minutes after being handcuffed and put into the police car by defendants Brazeau and McNeil.[4]  "Under the Fourth Amendment, an individual has a right to be free from 'unreasonable searches and seizures' .... [and] an arrest is a seizure of the person." *Case v. Eslinger*, 555 F.3d 1317, 1326 (11th Cir. 2009) (citations omitted).

The "reasonableness" of a seizure or arrest under the Fourth Amendment turns on the presence or absence of probable cause. *Id.*  A false arrest claim fails when the officer has

---

[4] The Court notes that it is not clear that the detention as alleged by Plaintiff crossed the line into an "arrest" such that he can pursue a Fourth Amendment  false arrest claim. Under *Terry v. Ohio*, an officer may briefly detain an individual if he has reasonable and articulable suspicion that the individual has committed, or is about to commit, a crime. 392 U.S. 1 (1968).  Such a search does not violate the Fourth Amendment. *See  Riley v. City of Montgomery*, 104 F.3d 1247, 1251 (11th Cir. 1997). The Eleventh Circuit applies a non-exclusive four factor test to determine whether such a brief detention constitutes an arrest: (1) the law enforcement purposes served by the detention; (2) the diligence with which the police pursue the investigation; (3) the scope and intrusiveness of the detention; and (4) the duration of the detention. *United States v. Acosta*, 363 F.3d 1141, 1146 (11th Cir. 2004).

According to Plaintiff, the purpose of Plaintiff's initial detention by the Volusia County deputy was to assure the officer's safety after an admitted altercation involving a knife and a gun between Plaintiff and his assailant.  After Plaintiff was turned over to Deland police, the altercation was quickly investigated, and Plaintiff was released. Although Plaintiff was handcuffed, the detention lasted only twenty-four minutes. *See United States v. Fields*, 178 Fed. Appx. 890 (11th Cir.  2006) (no "arrest" where defendant handcuffed and placed in back of patrol car while officer "checked quickly" (ten minutes) to see if defendant's licenses were valid and if there were any warrants outstanding); *United States v. Hastamorir*, 881 F.2d 1551, 1556–57 (11th Cir. 1989) (fact that individual placed in handcuffs does not convert investigatory detention into arrest); *Courson v. McMillian*, 939 F.2d 1479, 1492 (11th Cir.1991) (finding a detention of approximately thirty minutes to be an investigatory stop and not an arrest); *United States v. Hardy*, 855 F.2d 753, 761 (11th Cir. 1988) (finding that a fifty minute investigatory stop was a *Terry* investigative detention); *United States v. Willis*, 759 F.2d 1486, 1497 (11th Cir. 1985) (finding a twenty-five minute investigatory detention to be reasonable under the circumstances and not an arrest).

Plaintiff does, however, indicate that either Brazeau or McNeil read *Miranda* warnings and told Plaintiff that he was being charged with aggravated battery. It is unnecessary for this Court to determine whether these actions converted the investigatory stop into an arrest because the facts, as alleged by Plaintiff in his complaint, clearly show that the police had at least arguable probable cause for an arrest.

6

probable cause to make the arrest. *Rushing v. Parker*, 599 F.3d 1263, 1265 (11th Cir. 2010); *Ortega v. Christian*, 85 F.3d 1521, 1524–26 (11th Cir. 1996) (An arrest made with probable cause constitutes an absolute bar to a § 1983 action for false arrest). A "law enforcement officer has probable cause to arrest a suspect if the facts and circumstances within the officer's knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Von Stein v. Brescher*, 904 F.2d 572, 578 (11th Cir. 1990).

The existence of probable cause for the arrest defeats the instant claim. In fact, in a § 1983 complaint, officers are shielded from liability by qualified immunity even if only *arguable* probable cause existed for the plaintiff's arrest. "It is inevitable that law enforcement officials will in some cases reasonably, but mistakenly, conclude that probable cause is present, and we have indicated that in such cases those officials—like other officials who act in ways they reasonably believe to be lawful—should not be held personally liable." *Anderson v. Creighton*, 483 U.S. 635, 641 (1987); *Case*, 555 F.3d at 1327 (An "officer may still be shielded from liability because his actions did not violate clearly established statutory or constitutional rights of which a reasonable person would have known.") (quoting *Hope*, 536 U.S. at 739) (internal quotation marks omitted). Thus, even if Brazeau and McNeil did not have sufficient probable cause to arrest Plaintiff, a finding not made by this Court, the standard to be applied is whether "reasonable officers in the same circumstances and possessing the same knowledge as the defendants *could* have believed that probable cause existed to arrest." *Ferraro*, 284 F.3d

7


at 1195(citations omitted) (emphasis added).  This latter standard is easily met, and the existence of arguable probable cause defeats any claim Plaintiff has for false imprisonment.

Clearly, Brazeau and McNeil were acting within their discretionary authority when they responded to the altercation between Plaintiff and his assailant. Plaintiff had told the 9-1-1 operator that he had shot his assailant, albeit in self-defense. The evidence before the police was sufficient to warrant a "man of reasonable caution" to believe that Plaintiff had committed aggravated assault against his assailant by shooting him twice with a pellet gun. *Brinegar v. United States*, 338 U.S. 160, 175-76 (1949).  The police officers' detention of Plaintiff while the police supervisor "questioned witnesses about what happened" (Doc. 1 at 6) was not so unreasonable that every reasonable official in the same situation would have understood that the acts were unlawful. *See Harlow*, 457 U.S. at 818 ("Qualified immunity protects government officials performing discretionary functions from civil liability under federal law unless their conduct violates a clearly established [federal statutory or constitutional right] of which a reasonable person would have known.").  Accordingly, Brazeau and McNeil are entitled to qualified immunity because arguable probable cause existed for Plaintiff's arrest.  Plaintiff's claims against these defendants fail and are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a plausible claim for relief.

    *c.*    ***Plaintiff Does Not State a Claim for Relief Against William E. Ridgway***

Plaintiff does not indicate his reasons for naming Deland Police Chief William Ridgway in the complaint. Supervisory officials are not liable under § 1983 on the basis of respondent superior or vicarious liability. *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994).

Supervisory liability occurs only when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervisory official and the alleged constitutional violation.  There is no allegation that Ridgway personally participated in the alleged constitutional violation or any assertion that the alleged violation was caused by Ridgway's failure to properly train the officers. Accordingly, Plaintiff's claims against Defendant William Ridgway are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim for relief.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. This case is **DISMISSED** without prejudice pursuant to 28 U.S.C.§ 1915(e)(2)(B)(ii).

2. Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2, filed February 21, 2012) is **DENIED.**

3.Plaintiff's Motion to Appoint Counsel (Doc. 3, filed February 21, 2012) is **DENIED** as moot.

3. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** at Orlando, Florida this 29th day of February, 2012.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-4  2/29
George Anthony Brown